881 F.2d 1076
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LORAIN AREA AMBULANCE COMPANY, INC. AND ITS SUBSIDIARY
ELYRIA EMS, Respondent.
 No. 89-5755.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1989.
 
 Before: KRUPANSKY and RYAN, Circuit Judges; and LIVELY, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Lorain Area Ambulance Company, Inc. and its subsidiary Elyria EMS, Lorain, Ohio, its officers, agents, successors, and assigns, enforcing its order dated September 13, 1988, in Case Nos. 8-CA-19596, 8-CA-19771 and 8-CA-19845, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Lorain Area Ambulance Company, Inc. and its subsidiary Elyria EMS, Lorain, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Advising employees that their employment status and tenure is linked to their support or nonsupport for the Union, International Union, Allied Industrial Workers, AFL-CIO.
 
 
 5
 (b) Threatening employees with various reprisals, including loss of employment, reduction of hours, wages, and benefits, loss of privileges, more stringent application of rules, threat to sell its business, threat to change work schedules, more onerous working conditions, closer supervision, and various unspecified retaliation because of their support for the Union.
 
 
 6
 (c) Creating the impression of surveillance of employees' union activities.
 
 
 7
 (d) Making insulting and/or derogatory remarks about employees who support the Union.
 
 
 8
 (e) Promising benefits to employees in exchange for their relinquishing support for the Union.
 
 
 9
 (f) Soliciting grievances from employees and suggesting a method of resolution of those grievances in order to dissipate support for the Union.
 
 
 10
 (g) Conditioning the removal of adverse disciplinary reports from employees' files on their abandonment of union activity.
 
 
 11
 (h) Telling employees that it was hiring employees to undermine the Union's strength and sway the vote in the election.
 
 
 12
 (i) Interrogating employees about their union activities and sympathies.
 
 
 13
 (j) Telling employees, in the absence of any valid no-solicitation rule, not to discuss the Union on its time or property.
 
 
 14
 (k) Instituting a more restrictive rule regarding use of telephones in order to discourage union activity.
 
 
 15
 (l) Terminating and laying off employees because they join, support, or assist the Union and engage in concerted activity, or because they provide testimony to the National Labor Relations Board.
 
 
 16
 (m) Refusing to allow part-time employees to work full time because of their support for and sympathy for the Union.
 
 
 17
 (n) Offering part-time employees full-time employment in an effort to discourage their support for the Union.
 
 
 18
 (o) Refusing to allow employees to retract their resignations because of their support for the Union.
 
 
 19
 (p) Withdrawing privileges from employees because of their support for the Union.
 
 
 20
 (q) Reprimanding employees because of their support for the Union.
 
 
 21
 (r) Assigning more onerous work to employees because of their support for the Union.
 
 
 22
 (s) Changing employees' work schedules because of their support for the Union.
 
 
 23
 (t) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 24
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 25
 (a) Offer Rebecca K. Starling, J. Christopher Turner, Mark J. Turner, Jody K. Mitchell, Richard A. Gerena, Paul Waller, William C. Thompson, and Cheryl Cox immediate and full reinstatement to their former jobs, or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, offer Jody K. Mitchell the opportunity to work full time and Dave Kovacs the opportunity to work weekends, and make them whole for any loss of earnings in the manner set forth in the remedy section of the Board's Decision.
 
 
 26
 (b) Remove from the Respondent's personnel records any references to the discriminatory terminations of Rebecca K. Starling, J. Christopher Turner, Mark J. Turner, and Jody K. Mitchell, the discriminatory layoffs to Richard A. Gerena, Paul Waller, and William C. Thompson, and the discriminatory reprimands to Cheryl Cox and Marsha Leonard, and notify each of the above-named employees, in writing, that this has been done.
 
 
 27
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 28
 (d) Post at its Lorain, Ohio, offices copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 29
 (e) Notify the Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 30
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 31
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 32
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 33
 WE WILL NOT advise employees that their employment status and tenure is linked to their support or nonsupport for International Union, Allied Industrial Workers, AFL-CIO.
 
 
 34
 WE WILL NOT threaten employees with reprisals of loss of employment, reduction of hours, wages, or benefits, loss of privileges, more stringent enforcement of rules, selling our business, changing work schedules, more onerous working conditions, closer supervision, or any other unspecified reprisals because of their support for the Union.
 
 
 35
 WE WILL NOT create the impression of surveillance of our employees' union activities.
 
 
 36
 WE WILL NOT make insulting or derogatory remarks about employees who support the Union.
 
 
 37
 WE WILL NOT promise employees benefits if they relinquish support for the Union.
 
 
 38
 WE WILL NOT solicit grievances from employees and implicitly or explicitly promise to resolve those grievances in order to dissipate support for the Union.
 
 
 39
 WE WILL NOT condition the removal of adverse disciplinary reports from employees' files on their abandonment of union activity.
 
 
 40
 WE WILL NOT tell employees we are hiring employees to undermine the Union's strength and sway the vote in the election.
 
 
 41
 WE WILL NOT interrogate employees about their union support or sympathies.
 
 
 42
 WE WILL NOT tell employees, in the absence of a valid no-solicitation rule, that they are not to discuss the Union on our time or property.
 
 
 43
 WE WILL NOT institute more restrictive rules pertaining to the use of telephones in order to discourage union activity.
 
 
 44
 WE WILL NOT terminate or lay off employees because they join, assist, or support the Union, engage in concerted activities, or provide testimony to the NLRB.
 
 
 45
 WE WILL NOT refuse to allow part-time employees to work full time because they support the Union.
 
 
 46
 WE WILL NOT offer part-time employees full-time employment in order to discourage their support for the Union.
 
 
 47
 WE WILL NOT refuse to allow employees to retract their resignations because they support the Union.
 
 
 48
 WE WILL NOT withdraw privileges from employees because they support the Union.
 
 
 49
 WE WILL NOT assign employees more arduous work because they support the Union.
 
 
 50
 WE WILL NOT change employees' work schedules because they support the Union.
 
 
 51
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 52
 WE WILL offer Rebecca K. Starling, J. Christopher Turner, Mark J. turner, Jody K. Mitchell, Richard A. Gerena, Paul Waller, and William C. Thompson, and Cheryl Cox reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed by them, offer Jody K. Mitchell the opportunity to work full time and Dave Kovacs to work weekends, and make them whole, with interest, for any loss of earnings they may have suffered by our discrimination against them.
 
 
 53
 WE WILL remove from our personnel records any reference to the discriminatory terminations of Rebecca K. Starling, J. Christopher Turner, Mark J. Turner, and Jody K. Mitchell, the discriminatory layoffs of Richard A. Gerena, Paul Waller, and William C. Thompson, and the discriminatory reprimands issued to Cheryl Cox and Marsha Leonard, and WE WILL notify each of the named employees that this has been done.
 
 
 54
 WE WILL preserve and, on request in writing, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due each of the discriminatorily discharged and/or laid-off employees.
 
 
 55
 LORAIN AREA AMBULANCE COMPANY, INC. AND ITS SUBSIDIARY ELYRIA EMS
 
 
 56
 (Employer)
 
 
 57
 Dated -------- By --------------------
 
 
 58
 (Representative) (Title)
 
 
 59
 This is an official notice and must not be defaced by anyone.
 
 
 60
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 E. 9th Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone 216-522-3715.